UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN DOE,

    Plaintiff,

v.

    Case No. 11-11987
    Hon. Thomas L. Ludington

MARCIE ROUSSEAU, et al.,

    Defendants.
_____/

**ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR PROTECTIVE ORDER AND TO SEAL AFFIDAVIT IDENTIFYING PLAINTIFF WITHOUT PREJUDICE, DENYING PLAINTIFF'S EX PARTE MOTION FOR PROTECTIVE ORDER REGARDING DIRECT COMMUNICATION WITH PLAINTIFF BY DEFENDANTS WITHOUT PREJUDICE, AND DENYING PLAINTIFF'S EX PARTE MOTION TO SEAL EX PARTE MOTIONS WITHOUT PREJUDICE**

On May 5, 2011, Plaintiff John Doe[1] filed a complaint against Marcie Rousseau, Matthew Cairy, Jonathan Good, James Berry Weldon, Jr., and Freeland Community School district, jointly and severally, (collectively, "Defendants") alleging violations of his constitutional right to personal security and bodily integrity under 42 U.S.C. § 1983, failure to report sexual misconduct under Mich. Comp. Laws § 722.623, and sexual harassment and gender discrimination under Title IX of the Civil Rights Act of 1964. Plaintiff's claims arise out of a series of events surrounding an inappropriate sexual relationship with Rousseau, his English teacher, when he was only fifteen years old. Plaintiff's claims against the other named defendants allege that they had knowledge of the illegal relationship and did not intervene or otherwise report the inappropriate conduct.

On May 5, 2011, Plaintiff filed an ex parte motion for protective order requesting that the

---

[1] Plaintiff has a pending ex parte motion for protective order [Dkt. #7] requesting that the Court allow him to proceed under the pseudonym "John Doe" to protect his identity due to the sensitive nature of the suit and to prevent further embarrassment.

Court allow him to proceed under a pseudonym and to seal the affidavit exhibit identifying Plaintiff [Dkt. #2] and an ex parte motion for protective order regarding direct communication with Plaintiff by Defendants [Dkt. #4]. The Court struck Plaintiff's motions on May 6, 2011 [Dkt. #6] for violating Federal Rule of Civil Procedure 5.2 because both motions included exhibits containing the names of individuals known to be minors. Rule 5.2 requires that only the minors' initials be included unless the Court has ordered otherwise. On May 6, 2011, Plaintiff filed a series of ex parte motions [Dkt. #7; Dkt. #8; Dkt. #9] without providing any explanation why ex parte relief was justified.[2] Ex parte relief can be appropriate, under exceptional circumstances, where notice to the adverse party is impossible, as in the cases where the adverse party is unknown or is unable to be found or, under another limited circumstance, where notice to the defendant would render fruitless further prosecution of the action. *First Technology Safety Systems, Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993). Plaintiff does not suggest any such justification in this case.

In particular, Plaintiff filed an "Ex-parte Motion for Protective Order Regarding Direct Communication with Plaintiff by Defendants." [Dkt. #8]. Plaintiff requests that the Court enter a protective order providing that the defendants and their agents be prohibited from communicating with Plaintiff except through Plaintiff's counsel, concerning the allegations of the complaint. Plaintiff contends that Federal Rule of Civil Procedure 26 authorizes his request for a protective order. A protective order, in the traditional sense, provides the ability to prevent "unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice," allowing the Court to

---

[2]The police report and affidavit containing the names of individuals known to be minors that were included as exhibits in Plaintiff's prior ex parte motions [Dkt. #2; Dkt. #4] were not refiled with the instant motions. Plaintiff instead filed a separate ex parte motion to file the police report and affidavit under seal [Dkt. #9].

authorize limitations on discovery for good cause and is used generally as a limitation of disclosure of information during discovery. Fed. R. Civ. P. 26(c). Plaintiff's request, however, is not limited to discovery. Although Plaintiff's motion requests a protective order he is, in effect, seeking a restraining order because he is requesting that the defendants be ordered to refrain from certain activity. Under Federal Rule of Civil Procedure 65(b), the Court may issue a temporary restraining order without notice to the adverse party or its attorney only if "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certified in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Even then, a temporary restraining order is only justified if Plaintiff establishes that he is likely to succeed on the merits of his claims, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his or her favor, and that the temporary restraining order is in the public interest. 42 Am. Jur. 2d Injunctions § 245 (citing *Winter v. Natural Res. Def. Council, Inc*. 555 U.S. 7, 129 S. Ct. 365, 374 (2008)). Plaintiff, although requesting a protective order, has also not made specific factual allegations that would justify an ex-parte temporary restraining order under Rule 65(b).

Accordingly, it is **ORDERED** that Plaintiff's ex parte motion for protective order and to seal affidavit identifying Plaintiff [Dkt. #7] is **DENIED WITHOUT PREJUDICE**. Plaintiff may, however, seek the same relief requested upon providing notice and opportunity to respond to Defendants.

It is further **ORDERED** that Plaintiff's ex parte motion for protective order regarding direct communication with Plaintiff by Defendants [Dkt. #8] is **DENIED WITHOUT PREJUDICE**.

It is further **ORDERED** that Plaintiff's ex parte motion to seal ex parte motions [Dkt. #9] is **DENIED WITHOUT PREJUDICE**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: June 2, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 2, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS