UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN DOE,

    Plaintiff,

v.

                                    Case No. 11-11987
                                    Hon. Thomas L. Ludington

MARCIE ROUSSEAU, et al.,

    Defendants.
_____/

## OPINION AND ORDER CANCELING HEARING AND DENYING PLAINTIFF'S MOTION TO TRANSFER VENUE

On May 5, 2011, Plaintiff John Doe, an eighteen year-old male, filed a complaint against Marcie Rousseau, Matthew Cairy, Jonathan Good, James Berry Weldon, Jr., and Freeland Community School district, jointly and severally, (collectively, "Defendants"). John Doe alleges that his constitutional right to personal security and bodily integrity protected by 42 U.S.C. § 1983 was violated by Defendants, that certain Defendants failed to report Defendant Rousseau's sexual relationship with Plaintiff pursuant to Mich. Comp. Laws § 722.623, and that he was harassed or discriminated against because of his gender in contravention of Title IX of the Civil Rights Act of 1964.

Plaintiff's claims arise out of a series of events surrounding a sexual relationship with Rousseau, his English teacher, that began when he was a fifteen year-old minor. According to his complaint, Plaintiff first met Defendant Rousseau in September 2008 at the beginning of his sophomore year of high school. Rousseau was Plaintiff's English teacher that year. Plaintiff alleges that Rousseau began contacting him outside of the classroom towards the end of the school year, and before the school year had ended Plaintiff and Rousseau had begun to engage in sexual contact. The

complaint alleges that the relationship continued for nine months. Plaintiff asserts that the sexual encounters were not consensual due to his age and because Rousseau had convinced him that she was in love with him, wanted to marry him, and was not sexually involved with anyone else even though these representations were untrue.

Plaintiff's claims against the other named defendants allege that they had knowledge of the illegal relationship and did not intervene or otherwise report the inappropriate conduct. Prior to her relationship with Plaintiff, Rousseau allegedly had engaged in inappropriate sexual activity with other students on multiple occasions and nude photographs of Rousseau had been circulated among the students at the high school where she taught. More specifically, Plaintiff alleges that the Freeland Community School District administrators, including Cairy, Good, and Weldon, were each contacted regarding allegations of Rousseau's sexual misconduct. Plaintiff contends that Defendants had a legal duty to investigate the allegations, and that duty was breached when Defendants failed to properly investigate and report their findings. Plaintiff also alleges that any decision to delegate responsibility for investigating or reporting such conduct to Defendant Weldon by any other school administrator was reckless because Defendants knew, or should have known, that Rousseau had a relationship with Weldon. The complaint further alleges that Weldon was uncooperative with the police investigation concerning Rousseau's relationship with Plaintiff, and used his position of authority to intimidate and harass Plaintiff.

On May 5, 2011, Plaintiff filed a motion to transfer venue pursuant to 28 U.S.C. §1404(a) [Dkt. #5]. Plaintiff alleges that the interests of justice would be best served by a transfer to the Southern Division of the Eastern District of Michigan, because the transfer would create minimal inconvenience to the opposing parties and witnesses but would create a significant convenience for

Plaintiff. Plaintiff also notes that the Northern Division of the Eastern District of Michigan has an unusually busy docket, and that the costs of preparing the case will be substantially reduced by transferring it to the Southern Division because Rousseau is currently incarcerated in Washtenaw County, which is in the Southern Division. Defendants Cairy, Good, and Freeland Community School District filed a response [Dkt. #12] on May 19, 2011, contending that transfer would be improper because the case could not have been originally brought in the Southern Division and that the majority of the relevant discovery and witnesses are located in the Northern Division. Defendant Weldon filed a response [Dkt. #19] on June 2, 2011, noting that he is located in the Western District of Michigan, and would prefer that the case remain on the Northern Division of the Eastern District of Michigan.

The Court has reviewed the parties' submissions and finds that the facts and the law have been sufficiently set forth in the motion papers. The Court concludes that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. E.D. Mich. Local Rule 7.1(e)(2). For the reasons provided below, the Court will deny Plaintiff's motion to transfer venue.

**I**

Under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Courts have broad discretion to grant or deny a motion for transfer of venue under § 1404(a). *Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000) (citing *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989)). The moving party bears the burden of demonstrating that, in light of these factors, "fairness and practicality strongly

favor the forum to which transfer is sought." *Thomas v. Home Depot U.S.A., Inc.*, 131 F. Supp. 2d 934, 936 (E.D. Mich.2001) (quoting *Rowe v. Chrysler Corp.*, 520 F. Supp. 15, 16 (E.D. Mich. 1981)). The moving party must make this showing by a preponderance of the evidence. *Amphion Inc. v. Buckeye Elec. Co.*, 285 F.Supp.2d. 943, 946-47 (E.D. Mich. 2003) (citing *Thomas*, 131 F. Supp. 2d at 936; *Int'l Union, U.A.W. v. Aluminum Co. of Am.*, 875 F. Supp. 430, 433 (N.D. Ohio 1995)).

In deciding a motion to transfer venue, the Court must determine whether the action could have been brought in the proposed transferee district or division, whether a transfer would promote the interests of justice, and whether a transfer would serve the parties' and witnesses' convenience. *United States v. P.J. Dick, Inc.*, 79 F. Supp. 2d 803, 806 (E.D. Mich. 2000); *Perceptron, Inc. v. Silicon Video, Inc*., 423 F. Supp. 2d 722, 728-29 (E.D. Mich. 2006). Factors to be considered include: (1) the convenience of the parties and witnesses; (2) the location of the documents and the relative ease of access to sources of proof; (3) the locus of the operative facts; (4) availability of process to compel attendance of witnesses; (5) cost of obtaining witnesses; (6) the forum's familiarity with the governing law; (7) the weight accorded to the plaintiff's choice of forum; (8) trial efficiency; and (9) the interests of justice. *Perceptron, Inc.*, 423 F. Supp. 2d at 729.

## A

Plaintiff contends that venue, in general, is proper in the Eastern District of Michigan. Plaintiff explains that his chosen forum was the Southern Division but that the case was automatically reassigned to the Northern Division under E.D. Mich. Local Rule 83.10(a)(2) and (b)(3). Plaintiff's complaint, however, includes the Northern Division as the place of filing in the document heading. [Dkt. #1]. Plaintiff does not explain how his case could be properly filed in the

Southern Division, as Plaintiff is a resident of Saginaw County, the claims arose in Saginaw County, and the majority of the defendants reside in Saginaw County. Under Local Rule 83.10(b)(7), a civil case could be assigned to either the Northern Division or Southern Division based on the place of holding court in which the case is filed. However, the county of Plaintiff's residence (Local Rule 83.10(b)(3)) and the county in which the claim arose (Local Rule 83.10(b)(4)) take priority in assignment of the case to a place of holding court. As a result, the instant action could not have been brought in the Southern Division under Local Rule 83.10 and Plaintiff has not met the threshold requirement to succeed on a motion to transfer the case pursuant to § 1404(a). The Court will, however, address the remainder of the arguments presented in Plaintiff's motion.

**B**

Plaintiff also contends that it is in the interests of justice to transfer the action to the Southern Division because of local publicity and media coverage of the case. Plaintiff submits that the case has received some media attention with reporters addressing information learned from the case filing documents as part of the ECF electronic filing process. The news coverage, Plaintiff explains, already prompted a telephone call to his home. Plaintiff argues that the prior media coverage surrounding Defendant Rousseau's criminal proceedings has already caused him embarrassment and humiliation, and continued public disclosure and attention would exacerbate his embarrassment and humiliation. Plaintiff explains in his motion that he "wishes to pursue this action as far away from the glare of local media attention as possible." [Dkt. #5 at 4].

Plaintiff's assertion that media coverage will decline after a transfer to the Southern Division is speculation, and unsupported by the evidence Plaintiff himself has proffered. Indeed, the source of information for the media story included as Plaintiff's Exhibit 6 was an electronic filing available

through the Public Access to Court Electronic Records ("PACER") service, and transfer of the case will not preclude access by the media to the case via PACER. Notably, the article states that the case was filed with the U.S. District Court in Detroit. Plaintiff has thus not met his burden of demonstrating that the interests of justice, namely reducing local media scrutiny, weigh in favor of transfer to the Southern Division.

**C**

Plaintiff next contends that his chosen forum, the Southern Division, and convenience of the parties and witnesses weigh heavily in favor of granting his motion to transfer. As noted above, the action could not have been brought in the Southern Division, and Plaintiff's choice of forum is inapposite to the instant analysis. Plaintiff's counsel, however, is located in the Southern Division and Defendant Rousseau is currently incarcerated in Washtenaw County which is located in the Southern Division. Plaintiff acknowledges that the remaining four defendants and many of the potential witnesses are in the Northern Division, but argues that travel to the Southern Division would not be prohibitive. Defendants submit that Defendant Rousseau's location could change and that her transfer will present expenses and obstacles regardless of where court is held. Moreover, Defendants emphasize that Plaintiff chose to retain counsel located in the Southern Division, who then filed the instant action knowing that under the Local Rules the case was required to be assigned to the Northern Division.

The vast majority of the documents, potential witnesses, and parties to the instant action are located in the Northern Division in Saginaw County. The only connection to the Southern Division is Defendant Rousseau's current place of incarceration and the location of Plaintiff's chosen counsel of record. The convenience of the parties and the witnesses weigh in favor of retaining the case in

the Northern Division.

## D

Plaintiff also asserts that the Northern Division's "docket congestion," which Plaintiff contends is evidenced by a proposal to eliminate divisional boundary lines in the Eastern District of Michigan, is a "public interest" that should be considered. While the Northern Division is busy, the Civil Justice Reform Act reports nevertheless reflects prompt and timely attention to assigned cases. United States Courts, *Civil Justice Reform Act Report Summary*, 30 (September 30, 2010), http://www.uscourts.gov/uscourts/statistics/cjra/2010-09/CJRASep2010.pdf.  Indeed, even under the proposal Plaintiff references, Plaintiff's action would still be assigned to the Northern Division because the actions giving rise to the claims occurred in Saginaw County.

## E

Finally, Plaintiff advances two arguments, neither of which are particularly clear based on the motion papers, to support the case being heard in the Southern Division as opposed to the Northern Division. The arguments are (1) that there are no discernible additional costs to the court in hearing the case in the Southern Division as opposed to the Northern Division; and (2) a Southern Division jury would have a similar interest in vilifying the rights of an individual in Plaintiff's position as would a Northern Division jury. The fact that the case could be as economically managed by the Southern Division in comparison to the Northern Division or that a Southern Division jury might be as attentive as a Northern Division jury do not justify disregarding the local rule governing the place of holding court.

**II**

Accordingly, it is **ORDERED** that Plaintiff's motion to transfer venue [Dkt. #5] is **DENIED**.

                                                  s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge

Dated: June 21, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 21, 2011.

                                      s/Tracy A. Jacobs
                                      TRACY A. JACOBS